**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Brett Thomas Curtiss, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2018-001776

———————

Appeal From The Administrative Law Court
Harold W. Funderburk, Jr., Administrative Law Judge

———————

Unpublished Opinion No. 2021-UP-164
Submitted March 1, 2021 – Filed May 12, 2021

———————

**AFFIRMED**

———————

Brett Thomas Curtiss, pro se.

Kensey Evans, of South Carolina Department of
Corrections, of Columbia, for Respondent.

———————

**PER CURIAM:** Brett Thomas Curtiss appeals an order from the Administrative
Law Court (ALC) affirming the denial of a grievance he filed with the South
Carolina Department of Corrections (SCDC). Curtiss argues the ALC erred in
declining to reverse SCDC's determination that he was required to serve
eighty-five percent of his sentence before he was eligible for parole, extended work
release, or supervised furlough. Curtiss requests parole eligibility, work release,

supervised furlough, and credits for good conduct, work, and education.  We affirm.

Curtiss pled guilty to numerous drug related offenses and received concurrent sentences.  On his controlling offense, trafficking crack cocaine, twenty-eight grams or more, second offense under section 44-53-375(C)(2)(b) of the South Carolina Code (2018), he received a sentence of nine years' imprisonment.  Subsequently, Curtiss filed an inmate grievance in which he contended SCDC, when calculating his sentence, erred in failing to give proper consideration to his eligibility for parole, work release, and credits for work, education, and good conduct.  Curtiss also asserted he was entitled to be considered for parole after serving one third of his sentence.  SCDC denied the grievance after determining Curtiss was convicted of a violent offense and he was therefore ineligible for parole until he served eighty-five percent of his sentence.  Curtiss appealed to the ALC, which agreed with SCDC that because Curtiss's controlling offense was a Class A felony and thus a no-parole offense, he was required to serve eighty-five percent of his sentence before he was eligible for early release, discharge, or community supervision.

First, contrary to Curtiss's argument that the ALC erred in not considering his reply brief, the ALC specifically referenced the brief and addressed his argument regarding section 44-53-370(e) of the South Carolina Code (2018).  Furthermore, because Curtiss's offense involved trafficking in cocaine base, as opposed to cocaine, which is the subject of section 44-53-370(e), the ALC properly focused on the language used in section 44-53-375(C) of the South Carolina Code (2018), the section governing Curtiss's offense.

Second, we hold the ALC correctly found Curtiss had to serve eighty-five percent of his sentence before he was eligible for parole or other privileges related to his confinement.  *See* S.C. Code Ann. § 16-1-90(A) (2015 & Supp. 2020) (stating a conviction under section 44-53-375(C)(2)(b), the section under which Curtiss was charged and convicted, is a Class A felony); S.C. Code Ann. § 24-13-100 (2007) (defining "no parole offense" to include "a [C]lass A, B, or C felony"); S.C. Code Ann. § 24-13-150 (2007 & Supp. 2020) ("Notwithstanding any other provision of law, . . . an inmate convicted of a 'no parole offense' as defined in [s]ection 24-13-100 and sentenced to the custody of [SCDC] . . . is not eligible for early release, discharge, or community supervision . . . until the inmate has served at least eighty-five percent of the actual term of imprisonment imposed.").

Third, Curtiss's reliance on *Bolin v. South Carolina Department of Corrections*, 415 S.C. 276, 781 S.E.2d 914 (Ct. App. 2016), is without merit. As this court noted in *Bolin*, the Omnibus Crime Reduction and Sentencing Reform Act of 2010 (the Act), which became effective on June 2, 2010, amended section 44-53-375(B) to add the following language: "Notwithstanding any other provision of law, a person convicted and sentenced pursuant to this subsection for a first offense or second offense may have the sentence suspended and probation granted, and is eligible for parole, supervised furlough, community supervision, work release, work credits, education credits, and good conduct credits." *See id.* at 282, 782 S.E.2d at 917 (quoting 2010 S.C. Acts 2005). The Act added similar language to section 44-53-375(A) of the South Carolina Code (2018), and various subsections of section 44-53-370. *Id.* Based on the legislature's use of the phrase "[n]otwithstanding any other provision of law," this court found the 2010 amendments to section 44-53-375 of the South Carolina Code (2018) and section 44-53-370 of the South Carolina Code (2018 & Supp. 2020), expressed the legislature's intent to repeal section 24-13-100 but only "*to the extent* it conflict[ed] with amended sections 44-53-375 and -370." *Id.* Notably, however, the Act did not amend any part of section 44-53-375(C); therefore, section 44-53-375(C) does not conflict with section 24-13-100.

Fourth, Curtiss contends section 44-53-375(F) of the South Carolina Code (2018), is controlling regarding his eligibility for parole, extended work release, or supervised furlough and his offense is "parole eligible" because this section denies these privileges only to persons convicted and sentenced under subsection (C) or subsection (E) who received longer sentences than what he received. Curtiss also argues section 44-53-375(F) supersedes other statutes requiring him to serve eighty-five percent of his sentence to the extent these statutes conflict. We disagree. Although sections 44-53-375(F), 16-1-90, 24-13-100, and 23-13-150 all address eligibility for parole, extended work release, and supervised furlough, they can be reconciled. *See Hodges v. Rainey*, 341 S.C. 79, 88, 533 S.E.2d 578, 583 (2000) ("Statutes dealing with the same subject matter must be reconciled, if possible, so as to render both operative."). The combined effect of sections 16-1-90, 24-13-100, and 24-13-150 is to require inmates convicted of certain offenses to serve eighty-five percent of their sentences before they become eligible for parole and other privileges relating to their confinement. In contrast, the effect of section 44-53-375(F) is a total denial of parole, extended work release, and supervised furlough to inmates convicted under section 44-53-375(C) whose sentences meet certain criteria, and these privileges remain unavailable even after those inmates have served eighty-five percent of their sentences. Thus, there is no

conflict among any of these statutes that would necessitate holding any of them inoperative.

Based on the foregoing, we hold Curtiss failed to show the ALC's decision was affected by any error of law, clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record, or arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. *See* S.C. Code Ann. § 1-23-610 (2005 & Supp. 2020) (listing the grounds upon which this court can reverse or modify a decision issued by the ALC). We therefore hold the ALC properly affirmed SCDC's denial of Curtiss's inmate grievance.

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.